# In the United States Court of Federal Claims

### No. 18-1822C
### (Filed: April 23, 2020)

```
* * * * * * * * * * * * * * * * * * * * * * * *
                                              *
BOWMAN CONSTRUCTION CO.,                      *
                                              *
              Plaintiff,                      *
                                              *
        v.                                    *
                                              *
THE UNITED STATES,                            *
                                              *
              Defendant.                      *
                                              *
* * * * * * * * * * * * * * * * * * * * * * * *
```

---

### OPINION AND ORDER

---

**WILLIAMS**, Senior Judge.

This matter comes before the Court on Plaintiff's motion for sanctions based upon Defendant's failure to timely supplement document production prior to depositions. For the reasons set forth below, Plaintiff's motion is **GRANTED in part**.

### Background and Procedural History[1]

Plaintiff filed this action on November 28, 2018, challenging the National Park Service's termination for default of its contract for the construction of a bicycle trail in Voyageurs National Park in Minnesota. Plaintiff asks the Court to convert the termination for default into a termination for convenience. In addition, Plaintiff claims damages of $732,743.58, representing the outstanding contract balance of $89,054.00, as well as $324,329.58 for Plaintiff's bond repayment, and $319,360.00 in additional costs for extra work.

The parties' initial disclosures under Rule 26(a)(1) were made in June 2019, fact discovery closed on November 26, 2019, and expert discovery is ongoing. ECF Nos. 14, 19. On August 19, 2019, the Government produced approximately 4,000 pages of documents from a Government repository in Ohio. ECF No. 16 at 3; Feb. Hr'g Tr. at 12-13. Government witnesses Ms. Karen

---

[1] The background and procedural history are derived from Plaintiff's complaint, Plaintiff's motion for sanctions, supplemental briefing, and the hearings held on February 25, 2020, and March 10, 2020.

Thomas, Contracting Specialist, and Mr. Dale Allen, Contracting Officer, were deposed on September 26, 2019, and October 10, 2019, respectively. ECF No. 29 at 2, n.2; Feb. Hr'g Tr. at 19, 23. The deposition of Mr. David Driapsa, Contracting Officer's Representative, was conducted on November 20, 2019. ECF No. 29 at 2, n.1; ECF No. 29, Ex. M at 1.

Two days before the Driapsa deposition, Defendant's counsel informed Plaintiff's counsel via email that he had that day sent via Federal Express "a disc containing a supplemental production which [Plaintiff's counsel] should receive tomorrow." ECF No. 29, Ex. L. The email contained no other explanation or description of the supplemental production. On November 19, 2019, Defendant's hard drive containing 2,928 pages of documents, which for the most part had not been previously disclosed, arrived at Plaintiff's counsel's law office in Denver, Colorado. ECF No. 29 at 12. On that date, Plaintiff's counsel was traveling to Naples, Florida for the November 20, 2019 Court-supervised deposition of Mr. Driapsa. ECF No. 29 at 11-12.

At the beginning of Mr. Driapsa's deposition, following an off-the-record colloquy, Plaintiff's counsel raised the issue of the 2,928 additional documents and indicated Plaintiff would be seeking sanctions under Rule 37. ECF No. 29, Ex. M at 6:13; 9:5. Counsel for Defendant stated that he had initially believed the Ohio repository held all documents relevant to the case, and only learned later that another repository in Minnesota contained additional documents. Counsel for Defendant stated that it was his "understanding that all of the records were sent to Ohio, but the Park Service had a series of documents that they discovered as we were going through this. So that's where those [additional] documents came from." ECF No. 29, Ex. M at 13:3-7.

Later, in a hearing on Plaintiff's motion for sanctions, counsel for Defendant stated that he first learned "sometime in mid to late September" 2019, of the repository in Minnesota which contained the additional documents. Feb. Hr'g Tr. at 13. Counsel for Defendant continued that he was "unclear" whether he was aware of the additional documents' existence at Ms. Thomas' deposition on September 26, 2019, stating "I know that it was most likely after Ms. Thomas' deposition that I was informed of the Minnesota documents, but it might have been within the same week . . . I just don't remember the sequencing." Id. at 20. However, counsel acknowledged that he was aware of the additional documents' existence as of Mr. Allen's deposition on October 10, 2019, but did not mention them to Plaintiff's counsel. Id. at 23. Counsel for Defendant stated that he did not disclose these additional documents, or the fact of their existence, to Plaintiff's counsel at the time he first learned of them because he wanted to "ascertain whether or not they were duplicates [of previously produced documents] or . . . new documents." Id. at 17. Counsel for Defendant continued "[w]hen I received the documents and started going through them, I did realize that a majority of them had not been produced, and then that's what -- when we started getting them prepared to be produced," ultimately providing them to Plaintiff's counsel on November 19, 2019. Id. at 21.

On January 10, 2020, Plaintiff filed a motion for sanctions pursuant to Rule 37(c), arguing that Defendant's counsel had violated his discovery obligations in several respects, including the failure to timely supplement the document production. ECF No. 29 at 2-3. In its motion, Plaintiff asked the Court to preclude the Government from relying on any of the newly-produced documents, either in support of a motion or at trial, to award fees and travel costs for the previously conducted depositions of Ms. Thomas, Mr. Allen, and Mr. Driapsa, and the motion for sanctions. Id. at 26.

On March 6, 2020, Plaintiff filed a supplemental brief seeking a different sanctions remedy. Plaintiff did not, as it had originally, request that the Court preclude Defendant from relying on the additional documents in the litigation or seek attorney fees for the depositions of Ms. Thomas, Mr. Allen, and Mr. Driapsa.  ECF No. 40 at 4.  Instead, Plaintiff proposed reopening the depositions at Defendant's expense, and awarding Plaintiff's costs and reasonable attorney fees for traveling to, preparing for, and taking the reopened depositions.  Id. at 5.  Plaintiff also requested attorney fees for preparing its motion for sanctions, all related briefing and argument, and sought a continuance of the June 22, 2020 trial until later in the summer.  Id.

During a telephonic conference on March 10, 2020, the Court granted Plaintiff's motion for sanctions in part and ordered that the depositions of Messrs. Allen and Driapsa be reopened at Defendant's expense, including the costs of a videographer, a court reporter, and Plaintiff's counsel's travel costs.[2]  Mar. Hr'g Tr. at 5,9,11.  The Court deferred ruling on Plaintiff's request for attorney fees as briefing on this remedy had not yet been completed.  Id. at 9.

### Discussion

As this Court awarded Plaintiff the costs of the reopened depositions, the only issue before the Court is whether Defendant must reimburse Plaintiff for its requested attorney fees.  Rule 26(e)(1) provides that "[a] party who has made a disclosure under Rule 26(a) . . . must supplement or correct its disclosure or response in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect."  (emphasis added).  Here, the document production Defendant had made prior to the Allen and Driapsa depositions was not "timely" supplemented and was incomplete in a material respect as it failed to include 2,928 additional documents, most of which had not been previously produced.  Given that counsel for Defendant knew of the additional repository of unproduced documents before the depositions occurred, he should have supplemented production prior to the depositions or at least apprised Plaintiff's counsel that another repository existed and more documents would be forthcoming.  The fact that Defendant's counsel transmitted these documents two days before the Driapsa deposition does not constitute proper supplementation as Plaintiff's counsel was traveling to the deposition when the documents arrived and could not possibly have reviewed the documents prior to the deposition.

Rule 37 addresses appropriate sanctions for failure to supplement:

> If a party fails to provide information . . . as required by Rule 26(a) or (e), the party is not allowed to use that information . . . to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless.

Rule 37(c).  The Court of Federal Claims has recognized, however, that this harsh sanction--which is often referred to as the "default" sanction--is not always appropriate.  "Instead of or in addition to this default sanction, a court 'may order the payment of reasonable expenses, including attorney's fees,' that were incurred as a result of the nondisclosure . . . ."  K-Con Bldg. Sys., Inc. v. United States, 106 Fed. Cl. 652, 660 (2012) (quoting Rule 37(c)(1)); Zoltek Corp. v. United States, 71 Fed. Cl. 160, 171 (2006) (stating that the"[e]xclusion of evidence is an extreme sanction

---

[2]    Plaintiff's counsel indicated that he did not need to reopen the deposition of Ms. Thomas. Mar. Hr'g Tr. at 12.

and should be applied only when lesser sanctions are inadequate" and "[m]onetary sanctions may be imposed against a governmental party for violating the duty to supplement").

"The decision whether to impose discovery sanctions rests within the sound discretion of the trial court." Ingalls Shipbuilding, Inc. v. United States, 857 F.2d 1448, 1450 (Fed. Cir. 1988); see Badalamenti v. Dunham's, Inc., 896 F.2d 1359, 1361-62 (Fed. Cir. 1990) ("A [trial] court has broad discretion in issuing sanctions for violations of the discovery rules."). In this Court's view, the payment of reasonable expenses incurred as a result of the delayed disclosure is appropriate. Additional expenses must be incurred here because Defendant's counsel went forward with depositions knowing there was an additional repository of documents without timely advising opposing counsel of the existence of the documents.

Counsel for Defendant represented that he first learned of the almost 3,000 additional documents in "mid to late September" of 2019. Feb. Hr'g Tr. at 13. However, counsel for Defendant did not inform Plaintiff's counsel of the additional documents when depositions were ongoing. While it is unclear whether counsel for Defendant knew of the documents at Ms. Thomas' deposition on September 26, 2019, he acknowledged that he did know of them by the time of Mr. Allen's deposition on October 10, 2019. Id. at 19, 23. Yet counsel for Defendant, who was under a continuing duty under Rule 26(e)(1) to supplement discovery responses in a timely manner, failed to apprise Plaintiff's counsel of the existence of these documents prior to or during that deposition.

The following colloquy captures the scenario at the Allen deposition:

THE COURT: . . . And by October 10th, I think, [counsel for Defendant], you have already represented to the Court that you knew there were additional documents in Minnesota that you hadn't had a chance to look through yet, and yet you didn't tell your opposing counsel, even though you were sitting across from him in a deposition at that time, that there were all of these other documents. Am I right about that?

COUNSEL FOR DEFENDANT: You're correct, Your Honor.

Id. at 23. Over a month later, as both counsel were attempting to secure the attendance of Mr. Driapsa, a former government employee, at a deposition, Defendant's counsel had still not advised Plaintiff's counsel of the existence of these documents.[3]

---

[3]     During this timeframe, discovery in this case was front and center for both counsel. There were serious obstacles surrounding the scheduling of Mr. Driapsa's deposition. Mr. Driapsa had retired from the Park Service and was unwilling to voluntarily appear for his deposition or, initially, to have counsel for Defendant represent him at the deposition. As such, Plaintiff had to subpoena Mr. Driapsa. In addition, Mr. Driapsa had tendered a doctor's letter reciting medical issues which could have affected the tenor and flow of his deposition. In light of these issues, the Court supervised the deposition. See, e.g., Rosen v. Ebay, Inc., No. CV 13-6801-MWF(EX), 2014 WL 12589664, at *3 (C.D. Cal. Oct. 1, 2014), aff'd, No. CV-13-06801-MWF (EX), 2014 WL 12614469 (C.D. Cal. Nov. 25, 2014) (noting court-supervision of the deposition of a plaintiff who had failed to appear at a previous deposition and complained of

Counsel for Defendant knew that the Court and counsel for Plaintiff were traveling from out of state to be present at Mr. Driapsa's deposition scheduled for November 20, 2019 in Naples, Florida. Yet counsel for Defendant waited to notify Plaintiff's counsel of the existence of the hard drive containing thousands of additional documents until the afternoon of November 18, 2019, without describing the nature or volume of this production. Unsurprisingly, counsel for Plaintiff could not review these additional documents prior to the deposition, as he was in transit when they arrived.

In Centex Corp. v. United States, 71 Fed Cl. 40 (2006), aff'd, 486 F.3d 1369 (Fed. Cir. 2007), the Court of Federal Claims considered a claim for attorney fees as a sanction under Rule 37(c). In Centex, the defendant had submitted a supplemental expert report after the close of discovery, which necessitated the redeposition of the defendant's expert and a one-day trial to clarify the expert's methodology. 71 Fed. Cl. at 47. The Court found that counsel's delay in submitting this report violated the defendant's duty to supplement its prior responses under Rule 26(a)(2), and awarded varying levels of attorney fees, holding:

> Under these circumstances, we believe the appropriate sanction is that the government should reimburse plaintiffs for the time spent responding to the supplemental report, including time spent in [the expert's] re-deposition. In addition, we believe it appropriate that defendant should pay half of plaintiffs' fees and costs incurred after oral argument on November 8, 2002, and through December 19, 2002, the date of the hearing, as well as one quarter of plaintiffs' fees and costs associated with these motions.

Id. at 54, 56.

Here, as in Centex, additional attorney fees and costs must be expended for reopening depositions due to Defendant's failure to timely supplement discovery responses, and these fees may be reimbursed under Rule 37(c). As in Centex, different categories of work merit different degrees of compensation. Full compensation is appropriate for tasks that Plaintiff's counsel would not have had to perform but for Defendant's failure to supplement, such as the reopened depositions. Full reimbursement is not awarded, however, for Plaintiff's original motion for sanctions as the gravamen of the relief sought in that motion--exclusion of the additional documents--was not granted.[4] No reimbursement is awarded for Plaintiff's counsel's preparation for the continued depositions, as that preparation would have been necessary if the documents had been produced in the first place. The Court fully reimburses Plaintiff's counsel's reasonable fees for the reopened depositions, including counsel's travel time. However, attorney fees for travel time are reimbursed at 50% of counsel's normal rate. McCarty v. United States, 142 Fed. Cl. 616,

---

various medical issues); Bank of Am., N.A. v. Russo, No. 611CV734ORL22GJK, 2013 WL 12158131, at *9 (M.D. Fla. Apr. 2, 2013) (granting the defendant's motion for a court-supervised deposition where plaintiff's counsel had improperly interrupted, objected, and directed the witness not to answer in previous deposition).

[4]     At the hearing on sanctions, the Court indicated that Plaintiff's requested relief precluding Defendant from relying on any of the additional documents, either for purposes of a motion or trial, appeared draconian under the circumstances, and raised the issue of whether reopening the depositions and shifting costs would cure the late production. Feb. Hr'g Tr. at 25.

627 (2019) ("Courts may reduce pure travel time by awarding a reduced rate of 50%.") (citing Town of Grantwood Vill. v. United States, 55 Fed. Cl. 481, 486 (2003)).

This Court recognizes that in Centex and other opinions addressing Rule 37, sanctions were imposed where documents were not produced until after the discovery period had ended. Such is not the case here, as the 2,928 documents were produced prior to the close of discovery. However, going forward with depositions without disclosing or producing additional documents not only violated the requirements for timely discovery under the Court's rules, it also prevented meaningful depositions, prejudiced both opposing counsel and the witnesses, and necessitated another round of depositions. As such, the Court grants sanctions even though the untimely production occurred during the discovery period.

**Conclusion**

Plaintiff's motion for attorney fees is **GRANTED IN PART**.

Defendant shall reimburse Plaintiff as follows:

1. 100% of Plaintiff's attorney fees for conducting the reopened depositions of Messrs. Allen and Driapsa. The subject matter of the reopened depositions shall be limited to documents that were not produced until November 19, 2019. Plaintiff shall not be reimbursed for time spent preparing for the reopened depositions, and attorney fees for travel time shall be reimbursed at a 50% rate.

2. 100% of Plaintiff's attorney fees for supplemental briefing on Plaintiff's motion for sanctions and reply to Defendant's response, ECF Nos. 40 and 44, as well as for work associated with the March 10, 2020 hearing.

3. 25% of Plaintiff's attorney fees for Plaintiff's initial motion for sanctions, ECF No. 29, and 25% of fees associated with the February 25, 2020 hearing.

4. 100% of the costs of the reopened depositions, including the costs of a videographer, a court reporter, and Plaintiff's counsel's reasonable travel costs.

The trial previously scheduled to begin June 22, 2020, is postponed until further order of the Court.

The parties shall file a joint status report by **May 1, 2020**, proposing a joint schedule for trial and further proceedings. If the parties cannot agree, they shall submit their proposed schedules individually.

 s/Mary Ellen Coster Williams
**MARY ELLEN COSTER WILLIAMS**
**Senior Judge**

6